PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS GUZMÁN, Defendant and Appellant.

No. 4438.   Argued May 19, 1931.—Decided May 29, 1931.

*A. Porrata Doria* for appellant.   *R. A. Gómez* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Luis Guzmán was accused of murder and convicted of manslaughter. The first assignment is that the district judge erred in stating to the jury that this was a case of voluntary manslaughter.

After charging the jury that the offense of manslaughter was included in an information for murder in the second degree, the judge explained the difference between murder and manslaughter, and between voluntary and involuntary manslaughter. By way of illustration he gave two examples of involuntary manslaughter, "but", he added, "of course, we

are not now concerned with involuntary manslaughter because we are dealing rather with a case of voluntary manslaughter.''

There was no evidence whatever of involuntary manslaughter. That is what the court meant to tell the jury. The jury had no reason to believe that in the opinion of the judge the defendant was guilty of voluntary manslaughter, and we have no reason to believe that the jury was misled in this regard. The error, if any, was not reversible error.

Another contention is that, all of the evidence being circumstantial, the court erred in not instructing the jury as to the nature of such evidence.

During the day of the event Luis Guzmán and Arcadio González engaged in a bout at boxing which ended in a fight. In the evening Guzmán was playing a guitar and singing in the house of Leopoldo Pérez. There were other guests. González appeared in the doorway and made some complimentary remark about the music. Pérez agreed that the music was good and invited González to enter. When about to do so he was assaulted by Guzmán. The two grappled and fell to the ground outside the doorway. According to the evidence for the prosecution, when the crowd got outside they found González wounded and Guzmán had fled. According to several witnesses González then said that Guzmán had wounded him.

Witness for the defense testified that when the crowd followed Guzmán and González out of the house, González picked up a stick and was about to strike Guzmán with it; that thereupon two of the bystanders held Guzmán while the rest of the crowd took the stick away from González; and that González while backing away from them said, ''I am wounded.''

Counsel for defendant asked a number of witnesses about some previous friction between González and one Flor de Jesús, who was in the crowd. None of these witnesses had any knowledge of the matter referred to by counsel, and there was no evidence of a previous quarrel.

Thus the alleged circumstantial character of the evidence rests upon the fact that none of the eyewitnesses saw a weapon in the hands of Guzmán, coupled with the remote possibility (assuming defendant's version of what occurred outside the house to be correct) of a wound inflicted by some other person while the crowd was attempting to take the stick from González. Beyond the bare suggestion of a purely suppositious basis for possible ill will on the part of Flor de Jesús there was nothing to indicate the existence of a motive on the part of anyone, other than Guzmán.

The better practice is to charge upon circumstantial evidence in all cases in which the evidence as a whole or even in part is of that character, but the failure so to do in the instant case was not reversible error for two reasons, first, because the evidence was not entirely circumstantial,—and, second, because the evidence as a whole was so clear and conclusive as to bring the case within a recognized exception to the general rule requiring a charge whether requested or not in close or doubtful cases. See note to *Gardner* v. *State*, 15 A.L.R. 1049, 1061.

The case of *People* v. *Crespo*, 21 P.R.R. 285, is not in point.

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Texidor concur in the judgment.